IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-146-BO

| | |
|---|---|
| PAMELA C. STRICKLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

This matter is before the Court on the plaintiff's motion for judgment on the pleadings [DE 25], and the defendant's motion to remand [DE 29]. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff protectively applied for supplemental security income benefits, a period of disability, and disability insurance benefits on March 17, 2010. The applications were denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing on March 14, 2011. On December 19, 2011, the ALJ issued a decision finding that plaintiff was not entitled to benefits. The Appeals Council denied review of that decision thereby rendering the ALJ's decision the final decision of the Commissioner. Ms. Strickland then commenced the instant action for judicial review pursuant to 42 U.S.C. § 405(g). On March 1, 2014, plaintiff filed a motion for judgment on the pleadings. After receiving an extension of time to file a response to that motion, defendant filed its motion to remand to the Social Security Administration pursuant to Sentence Four of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff opposes the motion to remand and asks this Court to reverse the decision of the Commissioner and remand for payment of benefits.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Under Sentence Four of 42 U.S.C. § 405(g), the Court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Remand for further proceedings is the proper action in any case that requires further fact finding. *See Smith v. Schweiker*, 795 F.2d 343, 348 (4th Cir. 1986) (remanding to Agency where there record evidence was insufficient to order a finding of disability). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding

a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Here the Commissioner concedes error at step four of the sequential evaluation process. The Commissioner argues that further fact finding and analysis is required and therefore remand is appropriate to resolve conflicts in the record regarding plaintiff's past relevant work. The decision appealed from is the second decision in this matter based upon essentially the same facts, but with additional evidence regarding a newly claimed severe impairment and the non-exertional limitations caused by that impairment. [Tr. 70–86]. The first ALJ determined that plaintiff's past relevant work as she performed it was at the medium exertional level. Here, the second ALJ found that plaintiff's past relevant work as she performed it was at the light exertional level. The Commissioner points to this difference as evidence of "conflicts in the record" that need to be resolved on remand. Although it is the duty of the ALJ, not that of this Court, to make findings of fact and to resolve conflicts in the evidence, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990), it is clear that the previous finding that plaintiff's work was of the medium exertional level by a qualified and disinterested tribunal is "such an important and probative fact as to render the subsequent finding to the contrary unsupported by substantial evidence." *Albright v. Comm'r of Social Sec. Admin.*, 174 F.3d 473, 477–78 (4th Cir. 1999). There is therefore nothing to be resolved about the exertional level of plaintiff's past relevant work. Because the ALJ found that plaintiff was limited to light work, it is clear that she cannot return to her past relevant work which was performed at a medium level.

Having thus resolved the issue at step four of the process, plaintiff would have the Court move on to make a step five determination based on the record. However, as defendant rightly points out, the ALJ did not make a step five determination in this case as he found plaintiff did

not meet step four. This Court does not engage in making step five determinations in the first instance. *Radford*, 734 F.3d at 296; *see also Smith v. Bowen*, 837 F.2d 635, 637 (4th Cir. 1987) (remanding after determining that the ALJ's determination that plaintiff could perform past relevant work was in error). Accordingly, this Court remands the matter to the Commissioner for a step five determination in light of the finding that plaintiff cannot perform her past relevant work.

## CONCLUSION

For the reasons outlined above, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion to remand is GRANTED. The matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This, the __9__ day of July, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 7:13-cv-00146-BO   Document 33   Filed 07/10/14   Page 4 of 4